NEW TRIALS.

## CATHARINE BAGSHAW *vs.* JOHN DORSETT.

### *Certiorari.*

Where there is conflicting testimony, it is the province of the Jury to weigh it. And a new trial will not be granted, on the ground that the verdict may, possibly, be against the weight of evidence.

This action was instituted before Justice M. O. Dillon, by the above named plaintiff, against said defendant, to recover the sum of eighteen dollars and fifty cents, upon the following account :

Mr. Dorsett,

To Catharine Bagshaw,

For wages of Edward, 8 weeks and 3 days, $4.50 pr. week,   $38.50
     To Cash,                                        20.00

_____

18.50

Upon the trial of said cause, before the magistrate, a judgment was rendered by him, in favor of the plaintiff, from which judgment there was entered an appeal to a Jury; and, upon the trial of the said appeal, a verdict was rendered in favor of the plaintiff, for the sum of eighteen dollars and fifty cents, and costs.

Upon the rendition of this verdict, the defendant's attorney took the following exceptions, which were over-ruled by the Magistrate : 1. Because there was no evidence before the Jury, to prove any contract, between the parties plaintiff and defendant, for the services of the servant, Edward, for which the plaintiff has brought her action. 2. Because there was no evidence before the Jury, to prove that the services of the said Edward were worth four dollars and fifty cents, per week. 3. Because there was no evidence before the Jury, to prove when the services of the said Edward commenced, and when the same terminated ; the bill of particulars having no date. 4. Because the verdict of the Jury is for an amount of money, greater than

[Bagshaw *vs.* Dorsett.]

at the rate of four dollars and fifty cents per week, which is the the price, or sum, per week, sued for. 5. That the verdict of the Jury is contrary to Law and evidence.

Upon these exceptions, this Court granted the defendant a writ of certiorari. The Magistrate, in obedience to this writ, has made the following return of facts, as they were in evidence before the Jury, on the trial :

John B. Bacon, a witness sworn on the part of the plaintiff, testi-fied: That he called on Mr. Dorsett, the defendant, at the request of Mrs. Bagshaw, for the payment of the bill—Dorsett said, if Mrs. Bagshaw would give him credit for what Mr. Cant owed him, Dorsett; that he would settle the balance—Dorsett stated to witness, that he believed the negro belonged to Cant, and that his demand against Cant was about $14.00, and unless that amount was deducted from the bill, that he would not pay it, unless compelled by Law—Witness offered the bill to Dorsett, and he refused to receive it.

Edward Hollis, another witness on the part of the plaintiff, testi-fied: That he presented the bill of Mrs. Bagshaw, upon which this suit was commenced, to Mr. Dorsett, for payment—The amount of the bill was $38.50—Dorsett *said he would pay it, and never dispu-ted the bill.* Dorsett, however, did not read the bill.

This was all the testimony, which was submitted to the Jury, in the Court below, on the part of the plaintiff.

On the part of the defendant, his time book, as it is called, was admitted in evidence, before the Jury. This book is now before me : and from the entries, which appear to have been made in it by the defendant, the *time*, when the services of the boy Edward *commenced,* and when they terminated, as well as the quantity of time, which he worked, are distinctly stated. Whatever defect, then, there may have been, in the plaintiff's proof, in this particular, has been supplied, by the defendant himself ; as these entries, being made against his interest, are good evidence against him. Such, then, being the state of the testimony before the Jury, it presents a conclusive answer, to the third exception, stated above, which was taken to their verdict, by the defendant's counsel.

[Bagshaw *vs*. Dorsett.]

James Skinner was then sworn, on the part of the defendant—He testified, that the book, which had been introduced in evidence, was the *correct time*. The monies were all paid in his, witness's, presence. The negro had a ticket from his mistress, to work out and receive his wages.

Such was the testimony, both upon the part of the plaintiff, as well as the defendant, on the trial of this cause, in the Court below, and as returned to me by the Magistrate, in obedience to this writ of certiorari. And I am now asked to set aside, or reverse, the verdict, which the Jury have rendered, in favor of the plaintiff. This I cannot do, in the present case, as it seems to me, without invading upon the peculiar province of the Jury. It is true, that a verdict, manifestly against Law and evidence, will not be permitted to stand; but when there has been conflicting testimony, on both sides, which it is the peculiar province of the Jury to weigh, a new trial will not be granted, because the verdict may, *possibly*, be against the *weight* of the evidence. In this case, however, I do not perceive that the verdict, which has been rendered by the Jury, is manifestly against the weight of any competent testimony, which was before them. If the testimony does not establish an express contract, between the plaintiff and defendant, for the hire of the boy Edward; it clearly establishes, as it seems to me, *an implied contract*, arising from his acknowledgment of an indebtedness to the plaintiff; and from the fact that he actually had the services of the boy Edward, according to his time book, for more than the time specified in the plaintiff's bill of particulars. This book, as I have above remarked, having been admitted in evidence before the Jury, is good evidence, against the defendant, of all entries, which have been made therein, by him, defendant, contrary to his interest. But it does not therefore follow, that it is good evidence for him, as to any other entries, which may have been made, of a different character. The only doubt, therefore, which can possibly arise, as to the justice of the verdict, rendered by the Jury, is in reference to the payments, which are alleged to have been made, to the boy Edward, by the defendant. That was a fact, however, peculiarly the province of the Jury to decide. If the negro, as is testified to by Skinner, had a ticket *from his mistress, to work out and receive his wages ;* that ticket ought to have been taken, by the defendant, and produced at the trial, as a

[Bagshaw *vs.* Dorsett.]

justification for his payments, if, in truth and in fact, the payments, alledged to have been made, were made. If he had no such ticket; then the defendant has no just cause of complaint, against the verdict of the Jury.

Being of opinion, therefore, for the reasons above given, that the verdict, rendered by the Jury, is neither contrary to Law, nor to the evidence which was before them; I must dismiss this certiorari, with costs—and it is accordingly so ordered.